# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:14-19-KKC |
|---|---|
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| AMY CURTSINGER, | |
| Defendant. | |

*** *** ***

On February 22, 2012, state police officers executed a search warrant at the residence of Defendant Amy Curtsinger. The officers questioned Curtsinger and promised that she would not be prosecuted if she cooperated and answered their questions. The officers then recorded a 12-minute conversation—during which Curtsinger made numerous incriminating statements. Because the officers' promises of leniency were illusory, the Court finds that Curtsinger's incriminating statements[1] were unlawfully coerced and must be suppressed. Thus, the Court grants the defendant's motion to suppress (DE 116).

**I.**

The Court held a hearing regarding this motion on July 25, 2014, during which the Court heard evidence and arguments from counsel. Curtsinger and the United States contested many of the facts surrounding the state police officers' search on February 22, 2012; however, it is uncontested that the officers promised that Curtsinger would not be prosecuted and her statements would not be used against her if she cooperated and answered the officers' questions. The United States called a number of officers to testify as witnesses. Every officer—including Officer Brian Wofford, the case agent and supervisor on

---

[1] The defendant's motion to suppress only concerns Curtsinger's statements to the officers. The Court explicitly reserves judgment as to the potential admissibility of all other evidence.

the scene—unequivocally confirmed that Curtsinger was given this promise; however, no officer testified that *any* prosecutor had given the officers the authority to make such a promise. The Court also listened to the recorded conversation. Curtsinger's tone and willingness to volunteer information corroborated Wofford's testimony that Curtsinger believed that she was secure against prosecution. The United States Attorney broke this illusory promise and indicted Curtsinger on March 6, 2014.

## II.

Curtsinger moves to suppress the contents of the 12-minute recording, arguing that she was unlawfully coerced into answering questions. The United States contends that her statements were given voluntarily.

When a defendant claims that her incriminating statements were coerced, "the government bears the burden of proving by a preponderance of the evidence that the confession was in fact voluntary." *United States v. Johnson*, 351 F.3d 254, 260 (6th Cir. 2003) (quoting *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir. 1999)). In assessing a defendant's claim that she was coerced, courts must examine the totality of the circumstances to determine whether her confession was the "product of an essentially free and unconstrained choice by its maker[.]" *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973).

"[P]olice promises of leniency and threats of prosecution may be coercive if they are 'broken or illusory.'" *United States v. Siler*, 526 Fed. App'x 573, 575 (6th Cir. 2013) (unpublished) (quoting *Johnson*, 351 F.3d at 262). Whether a promise is illusory depends upon an officer's authority to offer such leniency. *Compare id.* ("[A] promise is problematic if a police officer leads a defendant to believe that he will receive lenient treatment when this is quite unlikely, and makes a promise, without authorization by the prosecution.")

2

(internal quotation marks omitted), *with United States v. Little*, 9 F.3d 110, 1993 WL 453396, at *9 (6th Cir. Nov. 4, 1993) (unpublished) ("Here, the agents' promises were not illusory. The agents' unrefuted testimony was that they had consulted with the United States Attorney who authorized them to promise that the government would not seek the death penalty if he cooperated.").

The present case resembles *Siler*—where the Sixth Circuit Court of Appeals found promises of leniency in exchange for cooperation to be coercive. 526 Fed. App'x at 576. In *Siler*, an officer assured the defendant that no one would be charged if he cooperated, but there was no evidence indicating that the officer had authorization to make such a promise. *Id.* Similarly, Officer Wofford unequivocally testified that the officers promised Curtsinger that she would not be prosecuted if she cooperated. Wofford lacked the authority to make such a promise, and the United States Attorney's office broke this illusory promise.

The Court finds that the United States has not carried its burden of proving that Curtsinger was not coerced. Rather that presenting evidence that the officers did not provide an illusory promise, every officer confirmed that Curtsinger was given this illusory promise that was later broken.

\* \* \*

Accordingly, and for all of the above-stated reasons, **IT IS ORDERED** that the defendant's motion to suppress (DE 116) is **GRANTED**.

Dated September 17, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY